UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROSIE HANEY, *estate of* | ) | |
| TaVontae Haney, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00076-SLC |
| | ) | |
| CITY OF FORT WAYNE, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion to exclude or limit the testimony of a "non-retained expert," filed by Defendants City of Fort Wayne, Officer John Drummer, and Officer Cameron Norris (collectively, "Defendants"). (DE 33). In their motion, Defendants seek to exclude or limit the testimony of Plaintiff Rosie Haney's non-retained expert, Dr. Pamela A. Archuletta. Haney has not filed any response to Defendants' motion, and the time to do so has now run. This motion is therefore ripe for adjudication. Defendants' motion will be GRANTED for the reasons set forth below.[1]

## I. BACKGROUND

This § 1983 action arises out of a traffic stop that took place on or about April 27, 2013, when Haney's son, TaVontae Haney, who was a passenger in the stopped vehicle, was shot by police officers when he fled on foot after the stop began. (DE 7). The Court held a preliminary pretrial conference on May 20, 2015, setting the following deadlines: June 5, 2015, for initial disclosures under Rule 26(a)(1); November 30, 2015, for Haney's expert witness disclosures

---

[1] Federal question jurisdiction exists under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 24).

under Rule 26(a)(2); January 15, 2016, for Defendants' expert witness disclosures under Rule 26(a)(2); and February 15, 2016, for the completion of all discovery. (DE 20; DE 23).

## II. LEGAL STANDARD

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)," "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

## III. ANALYSIS

Defendants state that Haney identified Dr. Archuletta as a non-retained expert in her supplemental initial disclosures pursuant to Rule 26. In her supplemental initial disclosures, Haney stated that "Dr. Archuletta is the anatomic and clinical pathologist who performed the postmortem examination of Mr. Haney on behalf of the Allen County Coroner, Craig Nelson, on April 28, 2013. Dr. Archuletta will testify to this six-page postmortem examination, including findings of injury to Mr. Haney's back. A copy of this examination is attached, along with certificate of death." (DE 33 ¶ 3 (quoting DE 33-1 at 2)).

Defendants contend that Haney's supplemental initial disclosures "only broadly describe Dr. Archuletta's anticipated testimony and do not summarize any opinions as to which Dr. Archuletta is expected to testify, other than a vague description of 'including findings of injury to Mr. Haney's back.'" (DE 33 ¶ 4 (quoting DE 33-1 at 2)). Defendants note that while the postmortem examination report "lists anatomic findings for multiple gunshot wounds" and "two abrasions," "states the cause of death is multiple gunshot wounds and the manner of death is homicide," and "discusses external examination, signs of death, injuries, and internal examination, among other things," it "does not contain opinions regarding which gunshot wound Dr. Archuletta believes to have been the fatal wound, which officers fired which shots, where Mr. Haney and the officers were positioned when the gunshots were fired, or anything regarding the reasonableness and necessity of the officers' actions, including firing weapons." (DE 33 ¶¶ 4-5).

Defendants argue that Haney's disclosure and the attached postmortem examination report do not include any summary of Dr. Archuletta's testimony, and thus argue that Dr.

Archuletta should not be permitted to testify as a retained expert; Defendants further argue that as a non-retained expert, Dr. Archuletta should only be permitted to testify at trial regarding the facts and opinions contained within the postmortem examination report. Defendants contend that Dr. Archuletta should not be permitted to testify regarding which gunshot wound she believes was the fatal wound; which officers fired which shots; where Mr. Haney and the officers were positioned at the time the gunshots were fired; the reasonableness or necessity of the officers' actions, including firing weapons; the circumstances under which the officers shot Mr. Haney; or any details regarding the gunshots (other than the location of the wounds and abrasions).

Haney did not disclose a written report detailing the subject matter on which Dr. Archuletta is expected to present evidence as an expert; nor did Haney disclose a summary of the facts and opinions to which Dr. Archuletta is expected to testify. Haney thus has failed to meet the requirements of Rule 26(a)(2)(C) for testimony by a non-retained expert, despite listing Dr. Archuletta as such in the supplemental initial disclosures. Furthermore, Haney does not argue that her failure to disclose any written report for Dr. Archuletta's testimony as either a retained or non-retained expert was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Haney has opted not to respond to Defendants' motion seeking to exclude Dr. Archuletta from offering any expert testimony, and thus Haney apparently does not oppose such an exclusion. Accordingly, Defendants' motion will be GRANTED.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion (DE 33) is GRANTED. Dr. Archuletta may not offer expert testimony at trial; she may testify regarding her observations made during the postmortem examination, as well as her statements and findings made in her postmortem

4

examination final report.

    SO ORDERED.

    Entered this 20th day of May 2016.

/s/ Susan Collins<br>
Susan Collins,<br>
United States Magistrate Judge